**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-7158**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

PATRICE BEHANZIN WILSON,

                                    Defendant - Appellant.

———————————

**No. 05-7643**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

PATRICE BEHANZIN WILSON,

                                    Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (CR-96-34)

———————————

Submitted: April 27, 2006            Decided: May 3, 2006

———————————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

No. 05-7158 Affirmed, No. 05-7643 dismissed by unpublished per curiam opinion.

---

Patrice Behanzin Wilson, Appellant Pro Se.  John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In Appeal No. 05-7158, Patrice Behanzin Wilson appeals the district court's margin order denying his motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(B) (2000). In his motion, Wilson argued that his sentence exceeds the maximum sentence permissible based upon a conviction for an unspecified quantity of drugs and that he is entitled to relief under United States v. Booker, 543 U.S. 220 (2005). Wilson's claims are not cognizable under § 3582(c)(1)(B). Wilson's motion essentially constitutes a collateral attack on his original sentence, for which he would need to submit an application to file a second or successive 28 U.S.C. § 2255 motion. Accordingly, we affirm the court's order denying relief.

In Appeal No. 05-7643, Wilson seeks to appeal the district court's margin order denying his Fed. R. Civ. P. 60(b)(3) motion relieving the Government from final judgment and a subsequent margin order denying his motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists

- 3 -

would find both that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Wilson has not made the requisite showing.

Although the district court did not state its reasons for the denial of the Rule 60(b) motion, we find that the motion is best construed as a successive § 2255 motion, and was therefore properly denied. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (noting that a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application). We deny a certificate of appealability and dismiss the appeal. Additionally, we construe Wilson's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. Id. at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found the petitioner guilty of the offense.  28 U.S.C. §§ 2244(b)(2), 2255 (2000).  Wilson's claims do not satisfy either of these conditions.  We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-7158: <u>AFFIRMED</u>
No. 05-7643: <u>DISMISSED</u>